

FILED

DEC 17 2009

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO RIVERA-MONTES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Cr. No. 07-2410GT<br>Civ. No. 08-2343GT<br><br>ORDER |

On December 17, 2008, Petitioner, Francisco Rivera-Montes ("Mr. Rivera"), filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Mr. Rivera argues that he did not agree to the 54 month sentence he received and that he should have only received a 48 month sentence as contemplated by the plea agreement. The Court has fully considered this matter, including a review of Mr. Rivera's brief filed and the arguments presented. For the reasons stated below, Mr. Rivera's Motion is **DENIED**.

//

//

First, Mr. Rivera pled guilty, pursuant to a written plea agreement, to three counts of illegal entry by an alien, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Rivera explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1282 (1997). Since Mr. Rivera expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Rivera is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Rivera had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. Essentially, Mr. Rivera argues that since he did not agree to a 54 month sentence, the Court was precluded from sentencing him to the 54 months that he received. However, the written plea agreement specifically states that "the sentence is within the sole discretion of the sentencing judge." (Plea agreement, para. 10). Hence, the imposition of a 54 month sentence did not violate Mr. Rivera's plea agreement. Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

_Dec 16, 2009_
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter